883 F.2d 68
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph S. AMBROSE, Helen W. Ambrose, Bridgette Ambrose, a
minor by her mother, Helen W. Ambrose, Joseph S.
Ambrose, Jr., a minor by his mother,
Helen W. Ambrose, Plaintiffs--Appellants,
v.
UNITED STATES of America, Defendant--Appellee.
 No. 88-2941.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1989.
Decided Aug. 9, 1989.
Rehearing Denied Sept. 12, 1989.
 
 Stephen Michael Trattner for appellants.
 Barbara B. O'Malley, Special Litigation Counsel (John R. Bolton, Assistant Attorney General, Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 Before WIDENER and WILKINSON, Circuit Judges, and RICHARD L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Joseph Ambrose and his wife and children brought suit against the United States pursuant to the Federal Tort Claims Act. See 28 U.S.C. Secs. 2671 et seq. Ambrose was the sole passenger on board an airplane which crashed due to accumulated airframe icing near the Mansfield, Ohio airport; the aircraft was not equipped with deicing equipment. Ambrose was severely injured and the pilot of the airplane, William Goldenzweig, was killed in the crash. Ambrose and Goldenzweig were travelling from Gaithersburg, Maryland to Fort Wayne, Indiana.
 
 
 2
 Plaintiffs allege that Federal Aviation Administration (FAA) personnel negligently failed to communicate known and forecasted icing conditions to the pilot and were negligent in the manner in which they directed the pilot's approach to the Mansfield airport once he decided to terminate the flight. After a bench trial pursuant to 28 U.S.C. Sec. 2402, the district court found that the FAA personnel provided sufficient information to put the pilot on notice of the potential for icing conditions and that the FAA personnel did not breach their duty to warn the pilot of possible weather hazards. According to the district court, the pilot's negligence was the sole and proximate cause of the aircraft accident.[1] The district court's findings and conclusions are supported by substantial evidence in the record and are not clearly erroneous. We therefore affirm its judgment.
 
 
 3
 The evidence indicates, for example, that the pilot was warned that a cold front extended into central Ohio and that low cloud ceilings, diminished visibility, icing conditions, and snow shower activity existed in the Fort Wayne area. He was informed that the freezing level over Ohio was estimated to be 6,000 feet, and that flight precautions were in effect heading west due to moderate icing conditions. As the aircraft approached Mansfield, icing conditions were reported by another pilot on the radio frequency which the pilot of the accident aircraft was required to monitor. FAA personnel in Mansfield subsequently reported that icing was occurring "from the ground up," and that it was raining at the airport.
 
 
 4
 Goldenzweig, however, continued flying towards Fort Wayne through visible moisture at 6,000 feet despite the fact that he was warned to expect freezing levels at that altitude over Ohio. Although the aircraft was not equipped with deicing equipment, the pilot unduly delayed in terminating his flight even after he began picking up ice. Finally, according to the district court, the pilot's own negligence accounted for his faulty approach to the Mansfield airport once he decided to terminate the flight.
 
 
 5
 In sum, the evidence amply supports the district court's finding that the pilot's decision to continue the flight in icing conditions was negligent and the sole and proximate cause of the aircraft accident. Although plaintiffs assert that the FAA personnel were obligated to provide the pilot with additional information, the totality of the evidence supports the district court's conclusion that the FAA personnel did not breach their duty to warn the pilot of hazardous weather conditions.
 
 
 6
 Finding no errors in the district court's findings of fact and conclusions of law, we affirm its judgment for the reasons stated in its opinion. See Ambrose v. United States, No. 85-4824 (D.Md. Sept. 27, 1988).
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The law of the state where the alleged wrongful act or omission occurred governs negligence claims under the Federal Tort Claims Act. See Richards v. United States, 369 U.S. 1, 6-8 (1962). The case was therefore tried under the substantive law of Ohio